# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 11 |
|     JAMES ALBERT D'ANGELO, SR. AND | | |
|     CAROLYN MARIE D'ANGELO, | : | |
|         DEBTORS. | : | BANKRUPTCY NO. 11-14926-MDC |
| | : | |
| JAMES ALBERT D'ANGELO, SR. AND | : | |
| CAROLYN MARIE D'ANGELO, | : | |
|         PLAINTIFFS, | : | ADVERSARY NO. 11-00744-MDC |
|     V. | : | |
| J.P. MORGAN CHASE BANK, N.A., | : | |
|         DEFENDANT. | : | |

# **MEMORANDUM**

BY:  MAGDELINE D. COLEMAN, UNITED STATES BANKRUPTCY JUDGE

## INTRODUCTION

By Order dated September 30, 2011, this Court granted J.P. Morgan Chase Bank, N.A.'s ("JPM") Motion for Remand (the "Motion"). Pursuant to 28 U.S.C. § 1447(c), JPM now requests reimbursement of its attorneys' fees and cost incurred in connection with its response to the Notice of Removal dated September 1, 2011, filed by James Albert D'Angelo, Sr. and Carolyn Marie D'Angelo (collectively, the "Debtors"). This memorandum and accompanying order will address that request.

## BACKGROUND

On September 1, 2011, the Debtors filed a Notice of Removal with respect to the claims or causes of action that are pending in the following civil actions: (1) JP Morgan Chase Bank Association v. James A. D'Angelo, Sr. and Carolyn D'Angelo, Consolidated Case Nos. 2006-06047 now pending in the Bucks County Court of Common Pleas (the "Foreclosure Action"); and (2) James A. D'Angelo, Sr. and Carolyn D'Angelo, H/W v. JP Morgan Chase Bank, N.A., et al., Case No. 2007-00041-26-1 now pending in the

Bucks County Court of Common Pleas (the "Declaratory Judgment Action," collectively with the Foreclosure Action, the "Actions"). Both the Foreclosure Action and the Declaratory Judgment Action were consolidated under Case Number 2006-06047.

In the Foreclosure Action, JPM sought to foreclose on a mortgage dated August 11, 2005 (the "Mortgage"), against real estate owned by the Debtors located at 102 Pickwick Drive, Doylestown, PA 18976 (the "Property"). The Mortgage secured a note dated August 11, 2005, in the amount of $1,462,500 (the "Note"). Both the Note and Mortgage were originally executed in favor of Lancaster Mortgage Bankers and are alleged to have been later assigned on September 14, 2006, to JPM via an assignment to EMC Mortgage Corporation executed on October 30, 2005.

The Debtors initiated the Declaratory Judgment Action to obtain a declaration that the Note and Mortgage were invalid, void or otherwise unenforceable. The Debtors claimed that the Mortgage and Note are forged and therefore not enforceable against the Debtors or the Property. In response to the Debtors' claims in the Declaratory Judgment Action, JPM filed for summary judgment on its claim for the imposition of an equitable lien against the Property. The Bucks County Court of Common Pleas then entered an Order dated April 11, 2011 (the "Lien Order"), granting JPM's summary judgment motion and imposing an equitable lien in the amount of $1,339,387.30 against the Property (the "Equitable Lien").

On June 22, 2011, JPM filed a petition in the Bucks County Court of Common Pleas to hold the Debtors in contempt for failing to comply with the Lien Order. In response, the Debtors filed a petition for chapter 13 relief.[1] Shortly thereafter, JPM filed in the Debtors' main case, a Motion for Relief from Stay dated July 7, 2011 (the "Lift-Stay Motion"). The Debtors filed their response to the Lift-Stay Motion on July 25, 2011. On August 4, 2011, this Court held an evidentiary hearing to address the Lift-Stay Motion (the "Left-Stay Hearing"). On the same day, this Court entered an Order (the "Lift-Stay Order") granting JPM relief from the automatic stay to enforce its equitable lien.

The Debtors filed the Notice of Removal on September 1, 2011 (the "Notice"), and later augmented it by filing an Amended Notice of Removal dated September 7, 2011 (the "Amended

---

[1] The Debtors' case was subsequently converted to a chapter 11 proceeding.

2

Notice"). The Amended Notice supplements the original Notice by explicitly identifying the reasons why the Debtors believe the Actions are within this Court's core jurisdiction. For instance, the Debtors claim that removal is proper because the "Debtors intend to bring a tort action via an amended complaint against JP Morgan and defendants which also includes, inter alia, *securities fraud.*" Amended Notice, ¶ 14 (emphasis added).[2]

On September 29, 2011, this Court held a hearing (the "Hearing") to address the Motion. At the Hearing, this Court heard arguments from counsel for JPM and counsel for the Debtors with regard to whether this Court should grant the Motion. In their Amended Notice and at the Hearing, the Debtors once again argued that JPM lacks standing to bring its claims against the Debtors. The Debtors previously made this argument as well as other arguments raised at the Hearing to this Court in response to JPM's Lift-Stay Motion. JPM has been determined in the Actions to be the holder of the Equitable Lien. Not only is this Court prohibited from reviewing a decision by a state court,[3] this Court refuses to tolerate the Debtors' attempt to reargue arguments previously rejected by this Court. As this Court explained at the Hearing, bankruptcy courts when confronted by such procedural gamesmanship will invoke permissive abstention as provided by 28 U.S.C. § 1334(c)(1) to remand the removed proceeding.

After hearing arguments from all parties, this Court granted the Motion. This Court found that

---

[2] Courts have consistently rejected attempts by third parties to enforce the terms of securitization agreements to which they are not a party. *Wittenberg v. First Independent Mortgage Company*, Civ. No. 10-58, 2011 WL 1357483 (N.D.W. Va. Apr. 11, 2011) (finding that mortgagor may not invoke pooling and servicing agreement because she was not an intended beneficiary of the agreement); *Anderson v. Countrywide Home Loans*, Civ. No. 10-2685, 2011 WL 1627945, at *4-5 (D. Minn. Apr. 8, 2011) (recognizing that compliance with a pooling and servicing agreement is not relevant to whether the chain of assignment was effective); *Densmore v. Litton Loan Servicing, L.P. (In re Densmore)*, 445 B.R. 307, 310 (Bankr. D. Vt. 2011) ("the question of whether the loan in this case is listed in the PSA is immaterial to the question of whether Litton may enforce the Note."). Even if the Debtors' have standing to pursue a securities fraud against JPM,[2] this Court doubts it would have jurisdiction over such claims in light of the Supreme Court's decision in *Stern v. Marshall*, 131 S.Ct. 2594 (2011). Although the precise implications of the Supreme Court's decision in *Stern* on the related-to jurisdiction of bankruptcy courts remain to be determined, the Supreme Court's held that bankruptcy courts may not decide "a common law cause of action, when the action neither derives from nor depends on any agency regulatory regime," *Stern v. Marshall*, 131 S.Ct. 2594,2598 (2011).

[3] The *Rooker-Feldman* doctrine bars the losing party in a previous state court action from seeking "appellate review of the state-court judgment, a task entrusted by statute solely to the Supreme Court." *Great Western Mining & Mineral Co., Inc. v. Fox Rothschild LLP*, 615 F.3d 159, 164 (3d Cir. 2010). Under the test enunciated in *Great Western*, a federal court lacks jurisdiction if (1) the federal plaintiff lost in state court; (2) the plaintiff complains of injuries caused by the state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western Mining & Mineral Co., Inc. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010). Here, the Debtors are engaging in precisely the type of conduct prohibited pursuant to this doctrine.

the Debtors were improperly attempting to circumvent this Court's Lift-Stay Order. This Court specifically found that the Debtors' attempt to remove the Actions was a patent attempt to relitigate the matters decided by this Court at the Lift-Stay Hearing and that denying remand would have the effect of rendering this Court's Lift-Stay Order a nullity.

In this Court's oral ruling on the Motion, this Court made reference to and specifically relied on two decisions *Lange, et al., v. Best (In re Best)*, 417 B.R. 259 (Bankr. E.D. Pa. 2009) and *S&S Family Partnership v. Abruzzo (In re Abruzzo)*, Adv. No. 99-14011, 1999 WL 1271761 (Bankr. E.D. Pa. Dec. 28, 1999). In *Best*, Judge Fox considered a procedurally similar case where a debtor was involved in pre-petition state court litigation involving the enforcement of a mortgage against the debtor's residence. Turning to the procedural history of the matter before him, Judge Fox recognized that the mortgagee had commenced prepetition foreclosure proceedings that resulted in a foreclosure sale of the debtor's property. After the purchasers commenced a state court ejectment proceeding, the debtor contested the validity of the foreclosure sale on the basis that he had received inadequate notice of the impending sale and as a result the sheriff sale did not convey title to the purchasers. Prior to the conclusion of the ejectment proceeding, the debtor filed for chapter 13 relief. Shortly thereafter, the purchasers requested relief from the automatic stay to proceed with the ejectment proceeding. Judge Fox granted relief and allowed the purchasers to exercise their rights to obtain possession of the property. A month later, the debtor removed the ejectment proceeding to the bankruptcy court's jurisdiction. The purchasers then filed a motion to remand. Judge Fox found that the Debtors were attempting to relitigate the matters implicated by his previous decision to grant relief from the automatic stay. To explain his unwillingness to tolerate the debtor's conduct, Judge Fox quoted from Judge Sigmund's decision in *Abruzzo* that reads, in relevant part:

> The last but most compelling reason to remand is to prevent Debtor's utilization of the removal statute to circumvent an order granting S&S relief from the bankruptcy stay to pursue the foreclosure proceeding in state court. In granting S&S relief from the stay, I made the determination that no legitimate purpose would be served by permitting Debtor's bankruptcy case to further delay the foreclosure proceeding in state court. Allowing Debtor to proceed with the foreclosure proceeding here would undermine and nullify that determination. If Debtor legitimately believed that the foreclosure presented

4

> issues that should be addressed by this Court rather than the state court, she would have sought removal proximate to her bankruptcy filing rather than waiting until relief from the stay was granted. The timing of the removal petition, occurring after the stay relief order, portends other intentions.

*Lange, et al., v. Best (In re Best)*, 417 B.R. 259 (Bankr. E.D. Pa. 2009) (*quoting S&S Family Partnership v. Abruzzo (In re Abruzzo)*, Adv. No. 99-14011, 1999 WL 1271761, at *4 (Bankr. E.D. Pa. Dec. 28, 1999).

In *Abruzzo*, Judge Sigmund considered whether to remand a foreclosure proceeding after the debtor filed a notice of removal following the issuance of an order granting the foreclosing creditor relief from the automatic stay. In her opinion, Judge Sigmund also observed that removal after the grant of relief from the automatic stay undermines principles of comity between state and federal courts as well as the integrity of the judicial process. *S&S Family Partnership v. Abruzzo (In re Abruzzo)*, Adv. No. 99-14011, 1999 WL 1271761, at *4 (Bankr. E.D. Pa. Dec. 28, 1999). She specifically recognized that "use of the removal statute under the circumstances presented here will not be sanctioned." *S&S Family Partnership v. Abruzzo (In re Abruzzo)*, Adv. No. 99-14011, 1999 WL 1271761, at *4 (Bankr. E.D. Pa. Dec. 28, 1999).

Here, this Court found the rationale of *Lange* and *Abruzzo* to be equally applicable to the Debtors' attempt to remove the Actions after JPM had obtained relief from the automatic stay to proceed with the Actions. Because the Debtors did not attempt removal concurrent with the filing of their petition, this Court found that as in *Abruzzo* the Debtors did not legitimately believe the Actions presented issues that should be addressed by this Court. Instead, the Debtors attempted removal only after this Court granted JPM relief to enforce its equitable lien in state court. In accordance with the clear law of this district, this Court recognized that the timing of the Debtors' attempt to remove the Actions indicates that the Debtors lack a good faith basis for removal and granted JPM's motion pursuant to 28 U.S.C. § 1334(c)(1) in favor of the state court adjudication of the parties' respective claims.

At the close of the Hearing, counsel for JPM requested this Court consider whether it was entitled to reimbursement of its fees pursuant to 28 U.S.C. § 1447(c). Because the issue had not been addressed

5

by the parties in their papers filed with this Court, this Court requested the parties to submit post-hearing briefs addressing the issue. The parties have since filed their briefs addressing the issue. Attached to JPM's filing was a Certification of Counsel in Support of Supplement to Motion for Remand (the "Certification"). In the Certification, Anne. M. Aaronson, counsel for JPM, certified that JPM incurred a total of $4,715.00 in attorneys' fees in connection with its response to the Debtors' attempt to remove the Actions. Having considered the arguments made by the parties at the Hearing and in their post-hearing briefs, this Court will now issue its decision as to whether JPM is entitled to an award of fees pursuant to 28 U.S.C. § 1447(c).

**DISCUSSION**

Pursuant to § 1447(c), a court has discretion to award just costs and actual expenses incurred by a party defending the improper removal of a pending state court action.[4] Counsel for JPM states JPM incurred $4,715.00 in fees relating to 11.5 hours of legal work in review, research and drafting of the Motion and in attendance at the Hearing. This Court finds that this amount is reasonable. *See, e.g., Joseph L. Dunn Oil and Gas v. R. L. Wharton Enterprises, Ltd*, Civ. No. 10-1364, 2011 WL 1230146, at *6 (W.D. Pa. Mar. 30, 2011). Therefore, this Court must only decide whether § 1447(c) entitles JPM to reimbursement of these fees.

Section 1447(c) reads:

A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

---

[4] For whatever reason, the Debtors in the post-hearing brief failed to address § 1447(c) and instead chose to address whether Fed. R. Bankr. P. 9011 sanctions were warranted. Contrary to Debtors' argument, this Court notes that Fed. R. Bankr. P. 9011 is applicable to notices of removal. *See, e.g., Moore v. Permanente Medical Group, Inc.*, 981 F.2d 443, 447 (9th Cir. 1992) ("notices of removal are signed pursuant to Rule 11"). However, whether the Debtors' counsel violated his Fed. R. Bankr. P. 9011 obligations is an issue that was not before this Court. This Court further notes that, unlike Rule 9011 sanctions, fees awarded pursuant to § 1447(c) are not punitive. As recognized by the Ninth Circuit in *Moore*, "it is simply reimbursement to plaintiffs of wholly unnecessary litigation costs the defendant inflicted." *Id.*, at 447.

28 U.S.C. § 1447(c).

The standard for awarding § 1447 fees was set forth by the United States Supreme Court in *Martin v. Franklin Capital Corporation*, 546 U.S. 132 (2005). The *Martin* Court held that:

> the standard for awarding fees should turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.

*Martin v. Franklin Capital Corporation*, 546 U.S. 132, 141 (2005); *see also First American Title Ins. Corp. v. JP Morgan Chase & Co.*, 384 Fed. Appx. 64, 68 (3d Cir. 2010) (fees under § 1447(c) may be awarded when the removing party lacks an objectively reasonable basis for seeking removal). Stated differently, an award of fees and costs is not proper where a party asserts a colorable basis for removal. *Mints v. Educational Testing Service*, 99 F.3d 1253, 1260 (3d Cir. 1996).

Here, this Court finds that the Debtors not only failed to assert any colorable basis for the removal of the Actions, the Debtors' removal of the Actions constitutes an improper attempt to negate the effect of this Court's Lift-Stay Order. As evidenced by the Lift-Stay Order, this Court had already decided that the enforcement of JPM's Equitable Lien, and any defenses the Debtors may have thereto, should be decided in state court. In support of their request for removal, the Debtors simply rehashed their arguments that were made to this Court in opposition to JPM's Lift-Stay Motion. Because this Court had already rejected the Debtors' arguments, this Court finds that the Debtors necessarily lacked any colorable basis for removal. Moreover, this Court finds that the Debtors' conduct is sufficient to establish that the Debtors' attempt to remove the Actions was a bad faith attempt to frustrate both JPM's prosecution of the Actions and the enforcement of this Court's Lift-Stay Order. *See, e.g., In re Myers*, 491 F.3d 120, 125 (3d Cir. 2007) ("we have specifically held that suspicious timing of a bankruptcy petition is an appropriate factor for a court to consider in the bad faith analysis."); *In re Dami*, 172 B.R. 6, 10 (Bankr. E.D. Pa. 1994) (a bankruptcy court may reasonably find that bad faith exists "where the purpose of the bankruptcy filing is to defeat state court litigation without a reorganization purpose").

Pursuant to the prior version of § 1447(c),[5] a court was required to find bad faith to support an award of attorneys' fees for improperly removed actions. Under the present version, bad faith need not be shown before making a fee award under § 1447(c). *Mints v. Educ. Testing Serv.*, 99 F.3d 1253, 1260 (3d Cir. 1996) (a court "may require the payment of fees and costs by a party which removed a case which the court then remanded, even though the party removing the case did not act in bad faith"); *Miranti v. Lee*, 3 F.3d 925, 928 (5th Cir. 1993) ("the propriety of the defendant's removal continues to be central in determining whether to impose fees"); *Morgan Guar. Trust Co. v. Repub. of Palau*, 971 F.2d 917, 923 (2nd Cir. 1992). Because this Court finds that the Debtors' decision to remove the Actions after this Court already granted JPM relief from the automatic stay to proceed with the Actions constitutes evidence of bad faith, this Court finds that even under the previous version of § 1447(c) the Debtors' conduct would have been sufficient to support an award of attorneys' fees. Moreover, a cursory review of case law from this district would have established that removal may not be used to circumvent an order granting a party relief from stay to proceed with state court actions. *See, e.g., Lange, et al., v. Best (In re Best)*, 417 B.R. 259 (Bankr. E.D. Pa. 2009); *S&S Family Partnership v. Abruzzo (In re Abruzzo)*, Adv. No. 99-14011, 1999 WL 1271761 (Bankr. E.D. Pa. Dec. 28, 1999). Because the Debtors have provided no reasonable justification for removal and because JPM's attorney fees appear reasonable, this Court finds that JPM is entitled to be reimbursed its fees and costs incurred in responding to the Debtors' attempt to remove the Actions.

**SUMMARY**

For the reasons discussed above, JPM's request for fees and cost pursuant to 28 U.S.C. § 1447(c) will be granted. Because the Debtors attempted removal without a colorable basis, this Court will grant JPM's request for attorney's fees incurred in responding to the Debtors' removal.

---

[5] The prior version of the statute read: "If at any time before final judgment it appears that the case was removed *improvidently* and without jurisdiction, the district court shall remand the case, and may order the payment of just costs." (emphasis added). Relying on the word "improvidently," courts required that the notice of removal to have been filed in bad faith to support an award of attorneys' fees. *See, e.g., Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1552 (9th Cir. 1988) ("[a]n award of attorney's fees is inappropriate ... where the defendant's attempt to remove the action was fairly supportable and where there has been no showing of bad faith").

An Order consistent with this Memorandum will be entered.

Dated: January 4, 2012

MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE

Richard J. Gerace, Esquire
Gerace Law Office
2 Penn Center
1500 John F. Kennedy Boulevard
Philadelphia, PA  19102

Anne M. Aaronson, Esquire
Dilworth Paxson LLP
1500 Market Street, Suite 3500E
Philadelphia, PA  19102

Courtroom Deputy
Eileen Godfrey

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE | : | CHAPTER 11 |
|     JAMES ALBERT D'ANGELO, SR. AND CAROLYN MARIE D'ANGELO, | : | |
|     DEBTOR. | : | BANKRUPTCY NO. 11-14926-MDC |
| | : | |
| JAMES ALBERT D'ANGELO, SR. AND CAROLYN MARIE D'ANGELO, | : | |
| | : | |
|     PLAINTIFFS, | : | ADVERSARY NO. 11-00744-MDC |
| V. | : | |
| J.P. MORGAN CHASE BANK, N.A., | : | |
|     DEFENDANT. | : | |

# O R D E R

**AND NOW**, upon consideration of by the request by J.P. Morgan Chase Bank, N.A. for fees and costs as provided by 28 U.S.C. § 1447(c) (the "Fee Request"), the parties' briefs addressing the issue and for the reasons set forth in the accompanying Memorandum,

It is hereby **ORDERED** that:

1. The Fee Request is **GRANTED**.

2. The Debtors shall reimburse J.P. Morgan Chase Bank, N.A. the amount of $4,715.00 in attorneys' fees incurred in response to the Debtors' removal of the Actions.

Dated: January 4, 2012

                                                       MAGDELINE D. COLEMAN
                                                       UNITED STATES BANKRUPTCY JUDGE